ACCEPTED
03-15-00376-CV
8118883
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/7/2015 2:37:24 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00376-CV**

_____

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/7/2015 2:37:24 PM
JEFFREY D. KYLE
Clerk

_____

**DOLORES GALVAN**, Appellant

V.

**ROBERT LEAKE, INDIVIDUALLY AND
ZEBRA INSTRUMENTS CORPORATION**, Appellee

_____

On Appeal from County Court at Law Number Four
of Williamson County, Texas
The Honorable John B. McMaster
Presiding in Cause No. 14-0842-CC4

_____

_____

**APPELLANT'S BRIEF**

_____

Scott Ogle
TBN: 00797170
Law Office of Scott P. Ogle
2028 Ben White Blvd.
Austin, TX 78704
Phone: (512) 442-8833
Fax:   (512) 442-3256
soglelaw@peoplepc.com
Attorney for Appellant
Dolores Galvan

*No Oral Argument Requested*

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

Trial Judge: The Honorable John B. McMaster, presiding judge, Williamson County Court Number Four

Appellant: Dolores Galvan

Appellant's Trial and
Appellate Counsel: Scott Ogle
TBN: 00797170
Law Office of Scott P. Ogle
2028 Ben White Blvd.
Austin, TX 78704

Appellees: Robert Leake, individually, and Zebra Instruments Corporation

Appellees' Trial and
Appellate Counsel: Christopher Stanley
TBN: 19044400
Law Office of Sneed, Vine & Perry
1104 South Rock Street
Georgetown, Texas 78726

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . .i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . .1

POINTS OF ERROR PRESENTED. . . . . . . . . . . . . . . . . . . . .2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . .3

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . .3

I.     The trial court erred when it granted Appellees' Motion
       to Strike . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

       A.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . .4

       B.     *Discussion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

II.    The trial court erred when it granted Appellees'
       No-Evidence Motion for Summary Judgment. . . . . . . . . .11

       A.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . .11

       B.     *Discussion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . .18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

# TABLE OF AUTHORITIES

*Cases*

*page*

*Garner v. Fid. Bank,*
>    *N.A.*, 244 S.W.3d 855 (Tex. App.–Dallas 2008, no pet.). . . 4

*Cire v. Cummings,*
>    134 S.W.3d 835 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . 4

*Gee v. Liberty Mut. Fire Ins. Co.,*
>    765 S.W.2d 394 (Tex. 1989). . . . . . . . . . . . . . . . . 4, 6, 8, 9, 11

*Huckabee v. Time Warner Entertainment Co. L.P.,*
>    19 S.W.3d 413 (Tex. 2000). . . . . . . . . . . . . . . . . . . . 14, 15, 17

*Jackson v. Fiesta Mart, Inc.,*
>    979 S.W.2d 68 (Tex. App.–
>        Austin 1998, no pet.). . . . . . . . . . . . . . 11, 12, 14, 15, 17

*Merrell Dow Pharmaceuticals, Inc. v. Havner,*
>    953 S.W.2d 706 (Tex. 1997). . . . . . . . . . . . . . . . . . . 12, 15, 17

*Montenegro v. Ocwen Loan Servicing, LLC,*
>    419 S.W.3d 561 (Tex. App.–Amarillo 2013, pet. denied). . 4

*Olsen v. Commission for Lawyer Discipline,*
>    347 S.W.3d 876 (Tex. App.–Dallas 2011, pet. denied). . . . .5

*Roth v. FFP Operating Partners, L.P.,*
>    994 S.W.2d 190 (Tex. App.–Amarillo 1999, pet. denied). 11

*Webster v. Allstate Ins. Co.,*
>    833 S.W.2d 747 (Tex. App.–
>        Houston [1st Dist.] 2002, no pet.). . . . . . . . . . . . . . . . . . .5

## Court Rules

TEX. R. APP. P. 44.1(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8, 9, 11

TEX. R. EVID. 803(8)(A)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . .10

TEX. R. EVID. 901(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8, 15

TEX. R. EVID. 901(b)(7). . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 15

TEX. R. EVID. 902(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

TEX. R. EVID. 902(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

## STATEMENT OF THE CASE

On June 6, 2014, Appellant Dolores Galvan ("Galvan" or "Appellant") filed suit in Williamson County Court Number Four against Robert Leake, individually, and Zebra Instruments Corporation ("Leake" and "Zebra" or "Appellees"), alleging negligence on the part of Defendants which caused Galvan to suffer serious personal injuries. [C.R. 6-10]. After an adequate time for discovery, Appellees filed their No-evidence Motion for Summary Judgment on May 4, 2015. [C.R. 39-42]. Galvan filed her Response to the motion on June 11, 2015, with an attached affidavit and exhibits. [C.R. 54-81]. A live hearing held on June 17, 2015, regarding the summary judgment motion, and Appellees filed their Motion to Strike on that same date, seeking exclusion of Galvan's summary judgment evidence. [C.R. 83]. Appellees' Motion to Strike and Motion for Summary Judgment were granted by the trial court on June 17, 2015. [C.R. 88]. Galvan timely filed her Notice of Appeal on June 18, 2015. [C.R. 93]. This timely appeal ensued.

## POINTS OF ERROR PRESENTED

## POINT OF ERROR ONE

I. **The trial court erred when it granted Appellees' Motion to Strike.**

## POINT OF ERROR TWO

II. **The trial court erred when it granted Appellees' No-Evidence Motion for Summary Judgment.**

## STATEMENT OF FACTS

On or about September 26, 2012, Galvan was injured while performing her job duties while employed by Appellees. [C.R. 54]. Galvan's injuries occurred during the course and scope of her employment when she was forced to operate a clamp press after a protective guard had been removed. [C.R. 54]. Galvan suffered a crushed finger while operating the clamp press, and injury which would not have happened had the protective guard been in place as designed. [C.R. 54]. At all time relevant, Appellees were aware of the danger represented by the clamp press with the missing guard. [C.R. 54-55].

Appellees filed their No-evidence Motion for Summary

2

Judgment on May 4, 2015. [C.R. 39-42]. Galvan filed her Response to the motion on June 11, 2015, with an affidavit and exhibits attached. [C.R. 54-81]. A live hearing held on June 17, 2015, regarding the summary judgment motion, and Appellees filed their Motion to Strike on that same date, seeking exclusion of Galvan's summary judgment evidence. [C.R. 83]. Appellees' Motion to Strike and Motion for Summary Judgment were granted by the trial court on June 17, 2015.

## SUMMARY OF THE ARGUMENT

Because the affidavit of undersigned counsel and the included Exhibits were competent summary judgment evidence, the trial court erred in granting Appellees' Motion to Strike. The trial court's error likely caused the rendition of a proper judgment.

Because Galvan raised at least more than a scintilla of evidence to raise a fact issue on each and every challenged element, the trial court erred in granting Appellees' Motion for No-Evidence Summary Judgment.

## ARGUMENT AND AUTHORITIES

## POINT OF ERROR ONE (RESTATED)

I. **The trial court erred when it granted Appellees' Motion to Strike.**

A. *Standard of Review*

A trial court's determination of an objection to summary judgment evidence is reviewed for abuse of discretion. *Montenegro v. Ocwen Loan Servicing*, LLC, 419 S.W.3d 561, 572 (Tex. App.–Amarillo 2013, pet. denied); *Garner v. Fid. Bank, N.A.*, 244 S.W.3d 855, 859 (Tex. App.–Dallas 2008, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). To obtain reversal, an appellant must show error that probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

B. *Discussion*

At the hearing, Appellees objected to the form of the affidavit submitted by Galvan in support of her Response to

4

Defendant's Motion for No Evidence Summary Judgment. [II R.R. 5-6]. Appellees also objected to Exhibits A, B, and C which were attached to Galvan's Response. [C.R. 84-85]. After hearing argument of counsel, the trial court granted Appellees' objection to and motion to strike all of the complained of materials. [II R.R. 19]. The trial court erred in excluding the affidavit and exhibits; a discussion of each component follows.

### 1. Scott Ogle Affidavit

The affidavit in question states in substantive part:

> My name is Scott Ogle. I am over 18 years of age, of sound mind and capable of making this affidavit. The facts stated in this Plaintiff's Response to Defendant's Motion for No Evidence Summary Judgment are within my personal knowledge and are true and correct.

[C.R. 58]. Undersigned counsel's research has discovered no case where either this Court or the Texas Supreme Court has directly held in a published opinion that such a verification is not competent summary judgment evidence.[1] As will be discussed in

---

[1] *But see Olsen v. Commission for Lawyer Discipline*, 347 S.W.3d 876, 886 (Tex. App.–Dallas 2011, pet. denied)(party may not support its response to motion for summary judgment with affidavit attempting to verify truth and correctness of all allegations and facts, such document amounts to

5

greater detail in Point of Error Two, the affidavit swore to essential facts necessary to controvert Appellees' Motion for No Evidence Summary Judgment.

Finally, assuming *arguendo* that the Ogle affidavit is not competent summary judgment evidence, the trial court erred in failing to afford Galvan an opportunity to cure the deficiency in her summary judgment proof. *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex. App.–Houston [1st Dist.] 2002, no pet.).[2] The trial court's error served to eliminate vital evidence, and likely caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *Gee*, 765 S.W.2d at 396.

### 2. Exhibit A

Exhibit "A" is a two-page document bearing the seal of the Texas State Comptrollers office, which shows that Robert Leake

---

nothing more than verified responsive pleading, which is not competent summary-judgment evidence).

[2] As is required under Texas law in this circumstance, counsel's following statements can be construed as an attempt to request an opportunity to cure the allegedly defective affidavit: "And for me to be brought in and having to defend, and make a mistake or two if I did in terms of a verification, authentication, in regard to my evidence that I did provide...." [C.R. 25].

is the Registered Agent, Director, and Chief Executive Officer of Zebra Industries, Inc. Under Rule 901,[3] the proponent of an item of evidence must only show that the item is what it purports to be. TEX. R. EVID. 901(a), (b)(7). Resolving all issues in favor of Galvan, the two pages of Exhibit A are clearly what they purport to be, public documents promulgated by the Office of the Texas State Comptroller. *Id.* Any doubts about the document would go to the evidentiary weight of the Exhibit, rather than the admissibility. The trial court's error served to eliminate vital evidence relied on by Galvan, and likely caused the rendition of

---

[3] Rule 901 of the Texas Rules of Evidence holds in pertinent part:
> (a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.
> (b) Examples. The following are examples only--not a complete list--of evidence that satisfies the requirement:
>
> * * * *
>
> (7) Evidence About Public Records. Evidence that:
>> (A) a document was recorded or filed in a public office as authorized by law; or
>> (B) a purported public record or statement is from the office where items of this kind are kept.
>
> * * * *

Tex. R. Evid. 901.

7

an improper judgment. TEX. R. APP. P. 44.1(a)(1); *Gee*, 765 S.W.2d at 396.

### 3. Exhibit B

Exhibit "B" is a three-page document, with two of the pages bearing the seal of the Texas State Comptrollers office. [C.R. 62-63]. The two pages are much like Exhibit "A," with the exception that they show that Robert Leake is the Registered Agent, Director, and Chief Executive Officer of Coyote Work Management, Inc., rather than Zebra Industries, Inc. As shown in Exhibit "A." [C.R. 62-63]. Thus, the same analysis applies here, Rule 901 requires the proponent of an item of evidence to only show that the item is what it purports to be. TEX. R. EVID. 901(a), (b)(7). Resolving all issues in favor of Galvan, the first two pages of Exhibit "B" are clearly what they purport to be, public documents promulgated by the Office of the Texas State Comptroller. *Id*. Any doubts about the document would go to the evidentiary weight of the Exhibit, rather than the admissibility. The trial court's error served to eliminate vital evidence relied on

by Galvan, and likely caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *Gee*, 765 S.W.2d at 396.

### 4.    **Exhibit C**

Exhibit C consists of various federal government documents which show that Zebra Instruments, Inc., was the employer penalized by the Occupational Safety and Health Administration ("OSHA") of the United States Department of Labor for the September 26, 2012, incident wherein Galvan's finger was crushed by a press due to the lack of a proper guard. [C.R. 65-81]. A facial examination of the OSHA documents reveals that the documents collectively contain a seal of the United States Department of Labor, and are signed by the Area Director of OSHA. [C.R. 65-81]. Thus, Exhibit C is admissible under Rules 901 and 902 of the Texas Rules of Evidence. TEX. R. EVID. 901(b)(7), 902(1)(A), (B).[4] Further, factual findings from a legally authorized

---

[4] Rule 902 of the Texas Rules of Evidence holds in pertinent part:
The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>    (1) Domestic Public Documents That Are Sealed and Signed. A document that bears:
>>        (A) a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular

investigation are admissible in a civil trial. TEX. R. EVID. 803(8)(A)(iii).

Finally, at the hearing, Appellants asserted that the OSHA narratives were never authenticated and were therefore inadmissible. [C.R. 7]. Under Texas Rule of Evidence 901(a), a proponent of evidence must only produce "evidence sufficient to support a finding that the item is what the proponent claims it is." An official publication–"[a] book, pamphlet, or other publication purporting to be issued by a public authority"–is self-authenticating under Rule 902(5). TEX. R. EVID. 902(5). Additionally, the document collectively bears a seal of the United States Department of Labor, and a signature of the Area Director of OSHA, rendering it admissible under Rule 902(1). TEX. R. EVID. 902(1). [C.R. 65-81].

---

possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and
(B) a signature purporting to be an execution or attestation.

\* \* \* \*

TEX. R. EVID. 902.

The trial court erred in granting Appellees' objections to and Motion to Strike Galvan's summary judgment evidence. In doing so, it likely caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *Gee*, 765 S.W.2d at 396.

**POINT OF ERROR TWO (RESTATED)**

**II**.     **The trial court erred when it granted Appellees' No-Evidence Motion for Summary Judgment.**

    **A.**    *Standard of Review*

Because a no-evidence summary judgment is essentially a pretrial directed verdict, a reviewing court will apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as it would apply in reviewing a directed verdict. *See Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 195 (Tex. App.–Amarillo 1999, pet. denied); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.–Austin 1998, no pet.). Thus, an appellate court must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Roth*, 994 S.W.2d at 195; *Jackson*, 979 S.W.2d at 70. The court must consider all the evidence in the light most

11

favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *See Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson*, 979 S.W.2d at 70–71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow*, 953 S.W.2d at 711.

**B.** *Discussion*

In its No Evidence Motion for Summary Judgment, Appellees argued that Galvan presented no evidence that:

a) Zebra Instruments owned or maintained the punch press made the subject of Plaintiff's claims;

b) Zebra Instruments was Plaintiff's employer at the time of her injury; or that

c) As a third party who was not the owner or the maintainer

12

of the punch press, and who was not the employer of Plaintiff, Zebra Industries owed a duty to Plaintiff as alleged in Plaintiff's Original Petition. [C.R. 40-41].

In response, Galvan submitted her Response to Defendants' Motion for No Evidence Summary Judgment, the attached affidavit of undersigned counsel, and Exhibits A, B and C. [C.R. 54-81]. After hearing argument of counsel, the trial court granted Appellees' objection to and motion to strike all of the complained of materials. [II R.R. 19]. A discussion of the summary judgment evidence submitted by Galvan follows.

### 1. Scott Ogle Affidavit

The affidavit in question states in substantive part:

My name is Scott Ogle. I am over 18 years of age, of sound mind and capable of making this affidavit. The facts stated in this Plaintiff's Response to Defendant's Motion for No Evidence Summary Judgment are within my personal knowledge and are true and correct.

[C.R. 58]. The affidavit swore to the accuracy of the facts detailed in the Response, which set forth that:

"[Galvan] reported to work at Zebra Instruments, Inc....and was assigned to work at the crimping press made the

13

subject of this lawsuit." [C.R. 55].

"Robert Leak (sic) is the Director and Chief Executive Officer of Zebra Instruments, Inc." and a related company, with a reference to supporting documents attached as Exhibits "A" and "B."[C.R. 56, 60-64].

Zebra Industries, Inc. was issued Citation Number 690438 by OSHA, with the documents encompassing said violation attached as Exhibit "C" and incorporated by reference. Those documents identify Zebra Industries as the employer in the September 26, 2012, wherein Galvan's finger was crushed in the press. [C.R. 56, 65-81].

Thus, the sworn assertions raise at least more than a "scintilla" of evidence raising a fact issue on every challenged element, which is all that is required of Galvan to survive summary judgment. *Jackson*, 979 S.W.2d at 70–71. Finally, Texas law has always emphasized that trial courts must not weigh the evidence at the summary judgment stage. Instead, a trial court's only duty at the summary judgment stage is to determine if a material question of fact exists. *Huckabee v. Time Warner Entertainment Co. L.P.*, 19 S.W.3d 413, 422 (Tex. 2000).

### 2.     Exhibit A

Exhibit "A" is a two-page document bearing the seal of the

Texas State Comptrollers office, which shows that Robert Leake is the Registered Agent, Director, and Chief Executive Officer of Zebra Industries, Inc. As stated previously, under Rule 901, the proponent of an item of evidence must only show that the item is what it purports to be. TEX. R. EVID. 901(a), (b)(7). Resolving all issues in favor of Galvan, *see Merrell Dow v. Havner*, 953 S.W.2d at 711, the two pages of Exhibit A are clearly what they purport to be, public documents promulgated by the Office of the Texas State Comptroller. TEX. R. EVID. 901(a), (b)(7). Any doubts about the document would go to the evidentiary weight of the Exhibit, rather than the admissibility. The Exhibit raises more than a scintilla of evidence sufficient to raise a fact issue regarding every challenged element raised in Appellees' Motion for No Evidence Summary Judgment. *Jackson*, 979 S.W.2d at 70–71.

Restated, Texas law has always emphasized that trial courts must not weigh the evidence at the summary judgment stage. Instead, a trial court's only duty at the summary judgment stage is to determine if a material question of fact exists. *Huckabee v.*

15

*Time Warner*, 19 S.W.3d at 422.

### 3. Exhibit B

Exhibit "B" provides facts to support an inference that Leake is in fact in control of the entity which pays Galvan for her employment with Zebra Instruments, Inc. [C.R. 62]. Thus, the Exhibit raises more than a scintilla of evidence sufficient to raise a fact issue regarding every challenged element raised in Appellees' Motion for No Evidence Summary Judgment. *Jackson*, 979 S.W.2d at 70–71. Again, Texas law has always emphasized that trial courts must not weigh the evidence at the summary judgment stage. Instead, a trial court's only duty at the summary judgment stage is to determine if a material question of fact exists. *Huckabee v. Time Warner*, 19 S.W.3d at 422.

### 4. Exhibit C

Exhibit C definitively demonstrates that Zebra Industries, Inc. was the employer which received a citation for violations described thusly: "on September 26, 2012, an employee operating one of the [crimping] tools had their right index finger crushed by

the ram up to the top of the nail, breaking the bones, but not resulting in amputation." [67, 76, 81]. This document at the least raises more than a scintilla of evidence regarding the three specific elements challenged by Appellees in their Motion for No Evidence Summary Judgment. *Huckabee v. Time Warner*, 19 S.W.3d at 422; *Jackson*, 979 S.W.2d at 70–71. Under the proper standard, a trial court's only duty at the summary judgment stage is to determine if a material question of fact exists. *Huckabee v. Time Warner*, 19 S.W.3d at 422.

In considering all the evidence in the light most favorable to Galvan and disregarding all contrary evidence and inferences, *see Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d at 711, the trial court improperly granted Appellees' Summary Judgment Motion, as Galvan presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson*, 979 S.W.2d at 70–71. The trial court erred in granting Appellees' Motion for No Evidence Summary Judgment.

**PRAYER**

17

PREMISES CONSIDERED, Galvan respectfully requests that this Court sustain the points of error in this brief and that this Court reverse the trial court's judgment in this case and remand to the trial court for proceedings consistent with the opinion.

Respectfully submitted,

/s/ Scott Ogle
Scott Ogle
TBN: 00797170
Law Office of Scott P. Ogle
2028 Ben White Blvd.
Austin, TX 78704
Phone: (512) 442-8833
Fax:    (512) 442-3256
soglelaw@peoplepc.com
Attorney for Appellant
Dolores Galvan

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that this document was computer-generated using Corel WordPerfect and is printed in a standard font using 14-point type. I certify that the word count for the portion of this filing included by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 3,253.

/s/ Scott Ogle
Scott Ogle

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the Appellees listed below pursuant to Rule 9.5(b)(1) of the Texas Rules of Appellate Procedure through the electronic filing manager, as opposing counsel's email address is on file with the electronic filing manager, on this 7th day of December , 2015.

/s/ Scott Ogle
Scott Ogle


Christopher Stanley
Law Office of Sneed, Vine & Perry
1104 South Rock Street
Georgetown, Texas 78726

# APPENDIX

# APPENDIX TABLE OF CONTENTS

| TAB | DESCRIPTION |
| --- | --- |
| A | Trial Court Judgment |
| B | Defendant's No Evidence Motion for Summary Judgment |
| C | Plaintiff's Response to Defendant's No Evidence Motion for Summary Judgment |
| D | Text of Tex. R. App. P. 44.1(a)(1) |
| E | Text of Tex. R. Evid. 803(8)(A)(iii) |
| F | Text of Tex. R. Evid. 901(a), (b)(7) |
| G | Text of Tex. R. Evid. 902(1), (5) |

**EXHIBIT A**

## NO. <u>14-0842-CC4;</u>

| | | |
|---|---|---|
| DELORES GALVAN<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT AT LAW |
| V. | §<br>§<br>§ | NO. 4 |
| ROBERT LEAKE AND ZEBRA<br>INSTRUMENTS CORPORATION<br>Defendants. | §<br>§<br>§ | WILLIAMSON COUNTY, TEXAS |

### ORDER GRANTING
### DEFENDANTS' MOTION FOR
### <u>NO EVIDENCE SUMMARY JUDGMENT</u>

On ⟨June 17 2015⟩ the Court considered the DEFENDANTS' MOTION

FOR NO EVIDENCE SUMMARY JUDGMENT, and after reviewing the evidence and

hearing the arguments, the Court finds that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against all defendants are

hereby **DISMISSED**.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on ⟨June 17⟩, 2015.

_____
JUDGE PRESIDING

APPROVED BY:

_____
Christopher Stanley
ATTORNEY FOR DEFENDANTS ROBERT LEAK AND
ZEBRA INSTRUMENTS CORPORATION
SNEED VINE & PERRY PC
Email: cstanley@sneedvine.com
1104 S Church Street
Georgetown, TX 78626
Tel. (512) 930-9775
Fax. (512) 819-9707

**FILED**
at 2:40 o'clock P M

JUN 1 7 2015

Nancy E. Rister
County Clerk, Williamson Co., TX

89

**EXHIBIT B**

NO. <u>14-0842-CC4;</u>

| | | |
|---|---|---|
| **DELORES GALVAN**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE COUNTY COURT AT LAW** |
| **V.** | §<br>§ | **NO. 4** |
| **ROBERT LEAKE AND ZEBRA**<br>**INSTRUMENTS CORPORATION**<br>**Defendants.** | §<br>§<br>§ | **WILLIAMSON COUNTY, TEXAS** |

<u>**DEFENDANTS' MOTION FOR NO EVIDENCE SUMMARY JUDGMENT**</u>

**NOW COME** Defendants, Robert Leake and Zebra Instruments Corporation, Movants herein, and bring this Motion for No Evidence Summary Judgment, and in support hereof, show the court the following:

**I.**

An adequate time for discovery has passed.

1.    Plaintiff designated this cause to be Level 1 discovery. This suit was filed on June 6, 2014. Defendants were served on June 30, 2014.

2.    By Pretrial Order, discovery in this cause was to be completed by December 27, 2014.

3.    The following discovery has been completed:

      a.    Defendants' Request for Disclosure to Plaintiff (no response).

      b.    Defendant's Interrogatories to Plaintiff (no response).

      c.    Defendant's Request for Production to Plaintiff (no response).

      d.    Plaintiff's Request for Disclosure to Defendant

**II.**
**PLAINTIFF'S CLAIMS**

Plaintiff filed suit against both Defendants on June 6, 2014, alleging that she was injured on September 26, 2012, while operating a clamp press during the course of her job

39

duties.[1] Plaintiff alleges that Zebra Instruments was her employer, and Robert Leake, as "management" was aware of the dangerous condition of the machine. Plaintiff has made the same negligence allegations against both Defendants, saying that:

(a) Defendant was negligent in using a person as a technician for the press machines who was not qualified for that role;

(b) Defendant was negligent in directing employees to use the press machine when Defendant had reason to know that they were not safe for use.

(c) Defendant was negligent in failing to take adequate steps to ensure that the press machine was safe to use.

(d) Defendant knew or should have known that it was likely that Plaintiff would be injured by the press machine.

(e) Defendant owed a duty to Plaintiff to provide Plaintiff a safe work environment.

(f) Defendant breached this duty by failing to take adequate measures to ensure that the press was safe to operate.[2]

## III.
## NO-EVIDENCE ISSUES

1. Plaintiff has alleged that at the time of her alleged injury, Zebra Instruments was her employer and as her employer, it had the duty of care to protect her from those actions cited above. There is no evidence that:

a) Zebra Instruments owned or maintained the punch press made the subject of Plaintiff's claim;

b) Zebra Instruments was Plaintiff's employer at the time of her injury; or that

---

[1] *Plaintiff's Original Petition*, pg. 2
[2] *Id*, pg. 3-4

c) As a third party who was not the owner or the maintainer of the punch press, and who was not the employer of Plaintiff, Zebra Instruments owed a duty to Plaintiff as alleged in Plaintiff's Original Petition.

2. Plaintiff has alleged that Defendant Robert Leake, sued in his individual capacity, owes a duty of care to Plaintiff to protect her from those action cited above. Assuming for purposes of this motion only that Leake was Plaintiff's manager or supervisor, there is no evidence that Leake owed a duty of reasonable care to Plaintiff apart from her employer's duty.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, Robert Leake and Zebra Instruments Corporation, pray that this Honorable Court will dismiss Plaintiff's claims of negligence against each defendant and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

SNEED VINE & PERRY PC

By: _____
Christopher Stanley
Texas Bar No. 19044400
Email for filings only:
gtwnfilings@sneedvine.com
1104 S Church Street
Georgetown, TX 78626
Tel. (512) 930-9775
Fax. (512) 819-9707
ATTORNEY FOR DEFENDANTS
ROBERT LEAK AND ZEBRA INSTRUMENTS
CORPORATION

## NOTICE OF HEARING

The above and foregoing Defendants' Motion for No Evidence Summary Judgment is set for hearing on ___June 17, 2015___at ___9:00 am___, in the County Court at Law, Number 4, Williamson County, Texas.

_____
Christopher Stanley

## CERTIFICATE OF SERVICE

I certify that on ___May 5___, 2015 a true and correct copy of Defendants' Motion for Summary Judgment was served to each person listed below by the method indicated.

_____
Christopher Stanley

Via email: soglelaw@peoplepc.com
Scott P. Ogle
LAW OFFICE OF SCOTT P. OGLE, P.C.
2028 W. Ben White Blvd
Austin, Texas 78704
TEL: (512) 442-8833
FAX: (512) 442-3256

# EXHIBIT C

CAUSE NO. 14-0842-CC4

| | | |
|---|---|---|
| DELORES GALVAN, | § | IN THE COUNTY COURT OF |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | LAW NUMBER 4 |
| | § | |
| ROBERT LEAK, Individually and ZEBRA | § | |
| INSTRUMENTS CORPORATION, | § | |
| Defendants. | § | WILLAMSON COUNTY, TEXAS |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR NO EVIDENCE SUMMARY JUDGMENT

COMES NOW, Plaintiff, DELORES GALVAN, and files this Response to the Defendants' Motion for No Evidence Summary Judgment and would show this Honorable Court as follows:

I.

### FACTS AND PLAINTIFF'S CLAIMS

This is a suit for negligence. On or about September 26, 2012, Plaintiff was employed by Defendant Zebra Instruments Corporation and while in course of her job duties Plaintiff sustained a severe crush injury to her right index finger when a clamp press malfunctioned due to a missing guard. The clamp press was in an unsafe condition. The mechanism failed due to the fact that a guard was removed by management which was designed to prevent such injures as the one sustained by the Plaintiff. Plaintiff had complained to her supervisor Robert Leak about the state of the press previously. Management at Zebra Instruments Corporation was aware of the state of the press, and management was aware that the press had a missing guard previous times and neglected to address the condition of the machinery resulting in injuries to the Plaintiff.

Throughout this Petition, where it is alleged that the Defendants performed or failed to perform any acts or activities, or made any representations, it is meant that such Defendant's

54

agents, officers, servants, employees or representatives performed or failed to perform such acts or activities and at the time such act or activities were done they were with full authorization or ratification of said Defendant.

II.

**DEFENDANTS ALLEGATION OF NO EVIDENCE ISSUES**

Defendants state in their Motion for Summary Judgment that the allegations stated in plaintiff's Petition are in error as to Plaintiff alleged employment by Zebra Instruments, Inc. at the time of her injury, that Zebra Instruments owned and maintained the punch press, during the operation of which in the course of her employment, caused plaintiff's work related injury made the subject of this lawsuit.

Defendants states that Defendant Zebra Instruments is a third party who was not the owner of the punch press upon which plaintiff was injured during the course of her employment and Defendants claim Zebra Instruments was not the employer of Plaintiff.

Defendants further state in their Motion for Summary Judgment that Defendant Robert Leake, owner of Defendant Zebra Instruments owed no duty of reasonable care to plaintiff apart from her employer's duty.

III.

**PLAINTIFF'S RESPONSES TO
DEFENDANTS' ALLEGATION OF NO EVIDENCE ISSUES**

Plaintiff responds to Defendants allegations as follows:

Plaintiff reported for work at Zebra Instruments, Inc., in Georgetown, Texas and during the course of her employment, was assigned to work at the crimping press made the subject of this lawsuit.

55

Defendant Robert Leak, is the Director and Chief Executive Officer of Zebra Instruments, Inc. (See Exhibit "A" Officers and Directors of Zebra Instruments, Inc., attached hereto and made a part hereof by this reference).

Defendant Robert Leak, is either the owner, officer, director of other corporations such as Coyote Work Management Inc, through which plaintiff was paid for her work on the crimping press upon which she was injured during the course of her work at the physical location of Zebra Instruments, Inc. (See Exhibit "B" Officers and Directors of Coyote Work Management, Inc. attached hereto and made a part hereof by this reference).

On November 13, 2012 was issued a Citation No. 690438 containing multiple Items under the category designated as "Serious" by the Occupational Safety and Health Administration ("OSHA") for multiple workplace violations Throughout Osha's documentation regarding the serious workplace violations of Zebra Instruments, Inc. ( See Exhibit "C" in particular page 9 of 13, Citation 1, Item 3, a copy of which is attached hereto and made hereof by this reference), Defendant Zebra Instruments, Inc. is referred to as "Employer".

Plaintiff additionally responds that Defendants individually or by virtue of corporate designation are one in the same under the legal theories of alter ego and single business ownership, and that Defendant Robert Leak is one in the same by virtue of his corporate position in the intertwined corporate businesses of Zebra Instruments and Coyote Work Management, Inc. (See Tex. Bus. Corp. Act Art. 2.21 and its amendments).

56

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants' Motion for No Evidence Summary Judgment be denied.

Respectfully submitted,

LAW OFFICE OF SCOTT OGLE

By: _____

SCOTT OGLE
State Bar No.00797170
2028 W. Ben White Blvd.
Austin, Texas 78704
Telephone: (512) 442-8833
Facsimile: (512) 442-3256
Email: soglelaw@peoplepc.com

ATTORNEY FOR PLAINTIFF

AFFIDAVIT

STATE OF TEXAS
COUNTY OF TRAVIS

Before me, the undersigned notary, on this day personally appeared the affiant, Scott Ogle, a person whose identify is known to me. After I administered an oath to affiant, affiant testified:

"My name is Scott Ogle. I am over 18 years of age, of sound mind and capable of making this affidavit. The facts stated in this Plaintiff's Response to Defendants' Motion for No Evidence Summary Judgment are within my personal knowledge and are true and correct."

_____
Scott Ogle

SWORN TO ME AND SUBSCRIBED before me on this _____10th_____ day of June, 2015.

My commission expires:
____5/04/19____

_____
Signature Notary Public


DIANE ELIZABETH MYERS
Notary Public, State of Texas
My Commission Expires
May 04, 2019

Notary's printed Name: Diane Elizabeth Myers

58

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to all counsel of record in accordance with the provisions of Texas Rules of Civil Procedure by facsimile on this *10* th day of June, 2016, as follows:

Christopher Stanley
Paula K Hale
Christopher Staley & Assoc.
1104 Rock street
Georgetown, Texas 78626

Via Fax to 512 869 8312

_____
Scott P. Ogle
Attorney for Plaintiff

59



# Franchise Tax Account Status

## As of: 05/08/2015 09:43:02 AM

### This Page is Not Sufficient for Filings with the Secretary of State

| ZEBRA INSTRUMENTS CORP | |
|---|---|
| Texas Taxpayer Number | 32044777392 |
| Mailing Address | 4500 WILLIAMS DR STE 212-422 GEORGETOWN, TX 78633-1332 |
| Right to Transact Business in Texas | ACTIVE |
| State of Formation | TX |
| Effective SOS Registration Date | 08/02/2011 |
| Texas SOS File Number | 0801460267 |
| Registered Agent Name | ROBERT LEAKE JR |
| Registered Office Street Address | 4314 VERDE VIS GEORGETOWN, TX 78628 |

EXHIBIT "A"

**60**



**Window on State Government**     Glenn Hegar   Texas Comptroller of Public Accounts

<u>Taxable Entity Search Results</u>
<u>Taxable Entity Search</u>

# Officers and Directors

ZEBRA INSTRUMENTS CORP
Report Year: 2014

<u>Return to: Taxable Entity Search Results</u>

Officer and director information on this site is obtained from the most recent Public Information Report (PIR) processed by the Secretary of State (SOS). PIRs filed with annual franchise tax reports are forwarded to the SOS. After processing, the SOS sends the Comptroller an electronic copy of the information, which is displayed on this web site. The information will be updated as changes are received from the SOS.

You may order a copy of a Public Information Report from open.records@cpa.state.tx.us or Comptroller of Public Accounts, Open Government Division, PO Box 13528, Austin, Texas 78711.

| Title | Name and Address |
|---|---|
| *DIRECTOR* | **CYNTHIA A LEAKE**<br>PO BOX 1196<br>SALADO , TX 76571 |
| *CHIEF FINA* | **CYNTHIA A LEAKE**<br>PO BOX 1196<br>SALADO , TX 76571 |
| *DIRECTOR* | **ROBERT LEAKE JR**<br>PO BOX 1196<br>SALADO , TX 76571 |
| *CHIEF EXEC* | **ROBERT LEAKE JR**<br>PO BOX 1196<br>SALADO , TX 76571 |

texas.gov | Statewide Search from the Texas State Library | State Link Policy | Texas Homeland Security

**Glenn Hegar,** Texas Comptroller • Window on State Government • Contact Us
Privacy and Security Policy | Accessibility Policy | Link Policy | Public Information Act | Compact with Texans

**61**



# Franchise Tax Account Status

As of: 05/08/2015 10:01:35 AM

## This Page is Not Sufficient for Filings with the Secretary of State

| COYOTE WORK MANAGEMENT, INC | |
|---|---|
| Texas Taxpayer Number | 32044777277 |
| Mailing Address | PO BOX 1294<br>SALADO, TX 76571-1294 |
| Right to Transact Business in Texas | ACTIVE |
| State of Formation | TX |
| Effective SOS Registration Date | 08/02/2011 |
| Texas SOS File Number | 0801460310 |
| Registered Agent Name | ROBERT LEAKE JR |
| Registered Office Street Address | 4314 VERDE VIS<br>GEORGETOWN, TX 78628 |

EXHIBIT "B"

62



**Window on State Government**     **Glenn Hegar** Texas Comptroller of Public Accounts

Taxable Entity Search Results
Taxable Entity Search

# Officers and Directors

## COYOTE WORK MANAGEMENT, INC
### Report Year: 2014

Return to: Taxable Entity Search Results

Officer and director information on this site is obtained from the most recent Public Information Report (PIR) processed by the Secretary of State (SOS). PIRs filed with annual franchise tax reports are forwarded to the SOS. After processing, the SOS sends the Comptroller an electronic copy of the information, which is displayed on this web site. The information will be updated as changes are received from the SOS.

You may order a copy of a Public Information Report from open.records@cpa.state.tx.us or Comptroller of Public Accounts, Open Government Division, PO Box 13528, Austin, Texas 78711.

| Title | Name and Address |
|---|---|
| *CHIEF FINA* | **BOB LEAKE** 4314 VERDE VIS GEORGETOWN , TX 78628 |
| *DIRECTOR* | **BOB LEAKE** 4314 VERDE VIS GEORGETOWN , TX 78628 |
| *DIRECTOR* | **CYNTHIA LEAKE** 4314 VERDE VIS GEORGETOWN , TX 78628 |
| *CHIEF EXEC* | **CYNTHIA LEAKE** 4314 VERDE VIS GEORGETOWN , TX 78628 |

texas.gov | Statewide Search from the Texas State Library | State Link Policy | Texas Homeland Security

**Glenn Hegar,** Texas Comptroller • Window on State Government • Contact Us
Privacy and Security Policy | Accessibility Policy | Link Policy | Public Information Act | Compact with Texans

**63**

## Document Information

**Instrument #:** 2010001351

**Date Received:** 01/08/2010 11:33:40 AM

**Index Status:** Permanent Index

**Image?** ✓

**Comments:**

**Document Type:** ASSUMED NAME (DBA)

**Book Type:** NONE

**Book:** 0

**Page:** 0

## Grantors

1     LEAKE ROBERT E

2     LEAKE ROBERT EDWARD JR

## Grantees

1     ZEBRA INSTRUMENTS

## Legal Information

1     SOLE PROPRIETORSHIP

## Returnee Information

HAND: ROBERT EDWARD LEAKE JR

64

U.S. DEPARTMENT OF LABOR
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

In the Matter of:   Zebra Instruments, Inc.
OSHA No:            690438

## INFORMAL SETTLEMENT AGREEMENT

The undersigned Employer and Occupational Safety and Health Administration (OSHA), in settlement of the citation(s) issued on November 13, 2012, hereby agree as follows:

1.  The Employer certifies the hazards identified in the above citations have been corrected or additional abatement time is needed as noted below.

2.  The Employer agrees to comply with all applicable abatement verification provisions of 29 C.F.R. 1903.19, including but not limited to, all certification, documentation, and posting requirements. Abatement certification shall be accomplished within 10 calendar days after the abatement date by mailing a letter to Occupational Safety and Health Administration, 1033 La Posada Dr, Ste. 375, Austin, TX 78752, stating that abatement has been completed, the date and method of abatement, and that affected employees and their representatives have been informed of the abatement. Any required abatement documentation shall be submitted along with the abatement certification.

3.  The Employer agrees to pay the proposed penalties, or amended penalties, per this Agreement and noted below. Such penalty is to be remitted with the signed copy of this Agreement or within 5 days of the signing of this Agreement or within date indicated at No. 4 below. If the original signed Agreement and payment is not received in accordance with this time period, the Agreement shall be null and void and all original penalties shall become payable along with appropriate fees, and interest.

4.  The Employer and OSHA agree to amend the citations and penalties as follows:

    The total proposed penalty of $8,000 is amended with a 50% reduction and the Employer agrees to pay the New Total Proposed Penalty of $4,000. The penalty is to be paid in two installments of $2,000 beginning with the first payment to be made on December 1, 2012 and the second by January 1, 2013.

    NOTE: The OSHA office does not provide any further notice of payments due.

5.  The Employer promises to permit OSHA access to its worksites for the specific and limited purpose of determining if the conditions described in the citations have been corrected.

6.  The employer agrees to continue to comply with the applicable provisions of the Occupational Safety and Health Act of 1970 and its applicable safety and health standards.

7.  The Employer hereby waives its rights to contest the citation(s) and penalties noted herein.

EXHIBIT "C"                                                              **65**

8.    The Employer agrees to immediately post a copy of this settlement agreement in a prominent place at or near the location of the violation(s). This Agreement must remain posted until the violations cited have been corrected, or for 3 working days (excluding weekends and Federal Holidays), whichever is longer.

9.    Each party agrees to bear its own attorney's fees, costs and other expenses incurred by such party in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

R. Casey Perkins, Area Director
For Occupational Safety and Health Administration

Date    11/29/12

For the Employer

Date    11/29/2012

In the Matter of:     Zebra Instruments, Inc.
OSHA No:              690438

## CERTIFICATION OF CORRECTIVE ACTION WORKSHEET

Inspection Number: 690438

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633
Issuance Date: 11/13/2012

List the specific method of correction for each item on this citation in this package that does not read "Corrected During Inspection" and return to: U.S. Department of Labor – Occupational Safety and Health Administration, 1033 La Posada, Suite 375, Austin, TX 78752

Citation Number __1__ and Item Number __1a__ was corrected on __10/17/2012__
By (Method of Abatement): _Purchased a luminescent exit sign and caused it to be installed over the exit door._

Citation Number __1__ and Item Number __1b__ was corrected on __10/17/2012__
By (Method of Abatement): _Luminescent exit signs were purchased and installed on the exit doors._

Citation Number __1__ and Item Number __2__ was corrected on __10/17/2012__
By (Method of Abatement): _The unmounted fire extinguishers were mounted. Signs with "Fire Extinguisher" were placed above them._

Citation Number __1__ and Item Number __3__ was corrected on __10/17/2012__
By (Method of Abatement): _Safety guards that insure hazards are eliminated or reduced were acquired and installed. Interlocks included._

Citation Number __1__ and Item Number __4A__ was corrected on __10/17/2012__
By (Method of Abatement): _Plastic slot protectors were purchased and installed._

Citation Number __1__ and Item Number __4B__ was corrected on __10/17/2012__
By (Method of Abatement): _The boxes were removed._

I certify that the information contained in this document is accurate and that the affected employees and their representatives have been informed of the abatement.

Signature: _____

Typed or Printed Name: _Bob Leake, CFO_

Date: __11/15/2012__

Title: _CFO_

NOTE: 29 USC 666(g) whoever knowingly makes any false statements, representation or certification in any application, record, plan or other documents filed or required to be maintained pursuant to the Act shall, upon conviction, be punished by a fine of not more than $10,000 or by imprisonment of not more than 6 months or both.

POSTING: A copy of completed Corrective Action Worksheet should be posted for employee review

RECEIVED

NOV 15 2012

OSHA-2

AUSTIN AREA OFFICE

## U.S. Department of Labor
Occupational Safety and Health Administration
1033 La Posada
Suite 375
Austin, TX 78752
Phone: 512-374-0271  Fax: 512-374-0086





### Citation and Notification of Penalty

To:
Zebra Instruments, Inc.
and its successors
4500 Williams Drive
Suites 212-422
Georgetown, TX 78633

**Inspection Number:** 690438
**Inspection Date(s):** 10/17/2012 - 10/17/2012
**Issuance Date:** 11/13/2012

Inspection Site:
652 County Road 234
Georgetown, TX 78633

The violation(s) described in this Citation and Notification of Penalty is (are) alleged to have occurred on or about the day(s) the inspection was made unless otherwise indicated within the description given below.

This Citation and Notification of Penalty (this Citation) describes violations of the Occupational Safety and Health Act of 1970. The penalty(ies) listed herein is (are) based on these violations. You must abate the violations referred to in this Citation by the dates listed and pay the penalties proposed, unless within 15 working days (excluding weekends and Federal holidays) from your receipt of this Citation and Notification of Penalty you mail a notice of contest to the U.S. Department of Labor Area Office at the address shown above. Please refer to the enclosed booklet (OSHA 3000) which outlines your rights and responsibilities and which should be read in conjunction with this form. Issuance of this Citation does not constitute a finding that a violation of the Act has occurred unless there is a failure to contest as provided for in the Act or, if contested, unless this Citation is affirmed by the Review Commission or a court.

**Posting** - The law requires that a copy of this Citation and Notification of Penalty be posted immediately in a prominent place at or near the location of the violation(s) cited herein, or, if it is not practicable because of the nature of the employer's operations, where it will be readily observable by all affected employees. This Citation must remain posted until the violation(s) cited herein has (have) been abated, or for 3 working days (excluding weekends and Federal holidays), whichever is longer.

**Informal Conference** - An informal conference is not required. However, if you wish to have such a conference you may request one with the Area Director during the 15 working day contest period. During such an informal conference you may present any evidence or views which you believe would support an adjustment to the citation(s) and/or penalty(ies).

If you are considering a request for an informal conference to discuss any issues related to this Citation and Notification of Penalty, you must take care to schedule it early enough to allow time to contest after the informal conference, should you decide to do so. Please keep in mind that a written letter of intent to contest must be submitted to the Area Director within 15 working days of your receipt of this Citation. The running of this contest period is not interrupted by an informal conference.

If you decide to request an informal conference, please complete, remove and post the Notice to Employees next to this Citation and Notification of Penalty as soon as the time, date, and place of the informal conference have been determined. Be sure to bring to the conference any and all supporting documentation of existing conditions as well as any abatement steps taken thus far. If conditions warrant, we can enter into an informal settlement agreement which amicably resolves this matter without litigation or contest.

**Right to Contest** – You have the right to contest this Citation and Notification of Penalty. You may contest all citation items or only individual items. You may also contest proposed penalties and/or abatement dates without contesting the underlying violations. Unless you inform the Area Director in writing that you intend to contest the citation(s) and/or proposed penalty(ies) within 15 working days after receipt, the citation(s) and the proposed penalty(ies) will become a final order of the Occupational Safety and Health Review Commission and may not be reviewed by any court or agency.

**Penalty Payment** – Penalties are due within 15 working days of receipt of this notification unless contested. (See the enclosed booklet and the additional information provided related to the Debt Collection Act of 1982.) Make your check or money order payable to "DOL-OSHA". Please indicate the Inspection Number on the remittance.

OSHA does not agree to any restrictions or conditions or endorsements put on any check or money order for less than the full amount due, and will cash the check or money order as if these restrictions, conditions, or endorsements do not exist.

**Notification of Corrective Action** – For each violation which you do not contest, you must provide *abatement certification* to the Area Director of the OSHA office issuing the citation and identified above. This abatement certification is to be provided by letter within 10 calendar days after each abatement date. Abatement certification includes the date and method of abatement. If the citation indicates that the violation was corrected during the inspection, no abatement certification is required for that item. The abatement certification letter must be posted at the location where the violation appeared and the corrective action took place or employees must otherwise be effectively informed about abatement activities. A sample abatement certification letter is enclosed with this Citation. In addition, where the citation indicates that *abatement documentation* is necessary, evidence of the purchase or repair of equipment, photographs or video, receipts, training records, etc., verifying that abatement has occurred is required to be provided to the Area Director.

**Employer Discrimination Unlawful** – The law prohibits discrimination by an employer against an employee for filing a complaint or for exercising any rights under this Act. An employee who believes that he/she has been discriminated against may file a complaint no later than 30 days after the discrimination occurred with the U.S. Department of Labor Area Office at the address shown above.

**Employer Rights and Responsibilities** – The enclosed booklet (OSHA 3000) outlines additional employer rights and responsibilities and should be read in conjunction with this notification.

**69**

**Notice to Employees** – The law gives an employee or his/her representative the opportunity to object to any abatement date set for a violation if he/she believes the date to be unreasonable. The contest must be mailed to the U.S. Department of Labor Area Office at the address shown above and postmarked within 15 working days (excluding weekends and Federal holidays) of the receipt by the employer of this Citation and Notification of Penalty.

**Inspection Activity Data** – You should be aware that OSHA publishes information on its inspection and citation activity on the Internet under the provisions of the Electronic Freedom of Information Act. The information related to these alleged violations will be posted when our system indicates that you have received this citation. You are encouraged to review the information concerning your establishment at www.osha.gov. If you have any dispute with the accuracy of the information displayed, please contact this office.

70

**U.S. Department of Labor**
Occupational Safety and Health Administration



# NOTICE TO EMPLOYEES OF INFORMAL CONFERENCE

An informal conference has been scheduled with OSHA to discuss the citation(s) issued on

11/13/2012. The conference will be held at the OSHA office located at 1033 La Posada, Suite

375, Austin, TX 78752 on _____ at _____ . Employees and/or

representatives of employees have a right to attend an informal conference.

# CERTIFICATION OF CORRECTIVE ACTION WORKSHEET

Inspection Number: 690438

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633
Issuance Date: 11/13/2012

List the specific method of correction for each item on this citation in this package that does not read "Corrected During Inspection" and return to: U.S. Department of Labor – Occupational Safety and Health Administration, 1033 La Posada, Suite 375, Austin, TX 78752

Citation Number _____ and Item Number _____ was corrected on _____
By (Method of Abatement): _____

_____

Citation Number _____ and Item Number _____ was corrected on _____
By (Method of Abatement): _____

_____

Citation Number _____ and Item Number _____ was corrected on _____
By (Method of Abatement): _____

_____

Citation Number _____ and Item Number _____ was corrected on _____
By (Method of Abatement): _____

_____

Citation Number _____ and Item Number _____ was corrected on _____
By (Method of Abatement): _____

_____

Citation Number _____ and Item Number _____ was corrected on _____
By (Method of Abatement): _____

_____

I certify that the information contained in this document is accurate and that the affected employees and their representatives have been informed of the abatement.

_____           _____
Signature                           Date

_____           _____
Typed or Printed Name               Title

NOTE: 29 USC 666(g) whoever knowingly makes any false statements, representation or certification in any application, record, plan or other documents filed or required to be maintained pursuant to the Act shall, upon conviction, be punished by a fine of not more than $10,000 or by imprisonment of not more than 6 months or both.

POSTING: A copy of completed Corrective Action Worksheet should be posted for employee review

**U.S. Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 690438
Inspection Date(s): 10/17/2012 - 10/17/2012
Issuance Date: 11/13/2012



<u>Citation and Notification of Penalty</u>

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633

---

The alleged violations below have been grouped because they involve similar or related hazards that may increase the potential for injury or illness.

<u>Citation 1 Item 1 a</u>  Type of Violation: **Serious**

29 CFR 1910.37(b)(2): Each exit was not clearly visible and marked by a sign reading "Exit."

On or about 17 October 2012, and at times prior thereto, the employer did not provide an Exit sign for the hallway personnel door leading to the outside parking apron on the south side of the building, exposing employees to various fire hazards.

Pursuant to 29 C.F.R. 1903.19, within ten (10) calendar days of the date of this citation, the employer must submit documentation showing that it is in compliance with the standard, including describing the steps that it is taking to ensure Exit signs are posted for each emergency exit.

### ABATEMENT DOCUMENTATION REQUIRED FOR THIS ITEM

Date By Which Violation Must be Abated:                                    11/23/2012
Proposed Penalty:                                                          $1200.00

See pages 1 through 4 of this Citation and Notification of Penalty for information on employer and employee rights and responsibilities.

Citation and Notification of Penalty                   Page 6 of 13                          OSHA-2

**U.S. Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 690438
Inspection Date(s): 10/17/2012 - 10/17/2012
Issuance Date: 11/13/2012



Citation and Notification of Penalty

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633

---

Citation 1 Item 1 b Type of Violation: **Serious**

29 CFR 1910.37(b)(6): Each exit sign was not illuminated to a surface value of at least five foot-candles (54 lux) by a reliable light source and be distinctive in color. Self-luminous or electroluminescent signs that have a minimum luminance surface value of at least .06 foot lamberts (0.21 cd/m2) were not utilized.

On or about 17 October 2012, and at times prior thereto, the employer did not provide illuminated Exit signs for designated personnel exits in the event of an emergency throughout buildings 650 and 652, exposing employees to various fire hazards.

Pursuant to 29 C.F.R. 1903.19, within ten (10) calendar days of the date of this citation, the employer must submit documentation showing that it is in compliance with the standard, including describing the steps that it is taking to ensure Exit signs are illuminated for ease of visibility.

ABATEMENT DOCUMENTATION REQUIRED FOR THIS ITEM

Date By Which Violation Must be Abated:                                           11/23/2012

See pages 1 through 4 of this Citation and Notification of Penalty for information on employer and employee rights and responsibilities.

Citation and Notification of Penalty                    Page 7 of 13                         OSHA-2

74

**U.S. Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 690438
Inspection Date(s): 10/17/2012 - 10/17/2012
Issuance Date: 11/13/2012



## Citation and Notification of Penalty

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633

---

Citation 1 Item 2   Type of Violation: **Serious**

29 CFR 1910.157(c)(1): The employer did not mount, locate and identify portable fire extinguishers so that they are readily accessible to employees without subjecting the employees to possible injury.

On or about 17 October 2012, and at times prior thereto, the employer did not provide portable fire extinguishers that were mounted and identified throughout the work site, exposing the employees to various fire hazards. The employer did have charged extinguishers but they were found to be either on the floor, or sitting on a work table, shelving unit, or building beam. And every extinguisher did not have a sign to identify it as the location for the extinguisher.

Pursuant to 29 C.F.R. 1903.19, within ten (10) calendar days of the date of this citation, the employer must submit documentation showing that it is in compliance with the standard, including describing the steps that it is taking to ensure extinguishers are mounted, located, and identified.

Date By Which Violation Must be Abated:
Proposed Penalty:

Corrected During Inspection
$1200.00

See pages 1 through 4 of this Citation and Notification of Penalty for information on employer and employee rights and responsibilities.

Citation and Notification of Penalty                    Page 8 of 13                    OSHA-2

U.S. Department of Labor       Inspection Number: 690438
Occupational Safety and Health Administration  Inspection Date(s): 10/17/2012 - 10/17/2012
                                Issuance Date: 11/13/2012



Citation and Notification of Penalty

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633

---

Citation 1 Item 3   Type of Violation: **Serious**

29 CFR 1910.217(c)(1)(i): The employer did not provide and insure the usage of "point of operation guards" or properly applied and adjusted point of operation devices on every operation performed on a mechanical power press.

On or about 17 October 2012, and at times prior thereto, the employer did not provide a guard at the point of operation for two mechanical power presses, or crimping tools, exposing the employees to an amputation or crushing hazard to the hands and fingers. The two tools located side-by-side were both AMP-3k/40 Terminators with a maximum crimping force of 3000 pounds. On 26 September 2012, an employee operating one of the tools had their right index finger crushed by the ram up to the top of the nail, breaking the bones, but not resulting in an amputation.

Pursuant to 29 C.F.R. 1903.19, within ten (10) calendar days of the date of this citation, the employer must submit documentation showing that it is in compliance with the standard, including describing the steps that it is taking to ensure mechanical power presses are guarded per the manufacturer's recommendations.

Date By Which Violation Must be Abated:            Corrected During Inspection
Proposed Penalty:                                                    $2800.00

See pages 1 through 4 of this Citation and Notification of Penalty for information on employer and employee rights and responsibilities.

Citation and Notification of Penalty              Page 9 of 13                     OSHA-2

76

**U.S. Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 690438
Inspection Date(s): 10/17/2012.- 10/17/2012
Issuance Date: 11/13/2012



<u>·Citation and Notification of Penalty</u>

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633

---

The alleged violations below have been grouped because they involve similar or related hazards that may increase the potential for injury or illness.

<u>Citation 1  Item 4 a</u>  Type of Violation: **Serious**

29 CFR 1910.303(b)(7)(i): Unused openings in boxes, raceways, auxiliary gutters, cabinets, equipment cases, or housings were not effectively closed to afford protection substantially equivalent to the wall of the equipment.

On or about 17 October 2012, and at times prior thereto, two 120-volt electrical breaker panels had the doors open with open, unused breaker slots, exposing employees to the hazards of electrical shock or electrocution.

Pursuant to 29 C.F.R. 1903.19, within ten (10) calendar days of the date of this citation, the employer must submit documentation showing that it is in compliance with the standard, including describing the steps that it is taking to ensure all openings in electrical panels are effectively closed.

Date By Which Violation Must be Abated:          Corrected During Inspection
Proposed Penalty:                                              $2800.00

See pages 1 through 4 of this Citation and Notification of Penalty for information on employer and employee rights and responsibilities.

Citation and Notification of Penalty                Page 10 of 13                            OSHA-2

77

U.S. Department of Labor          Inspection Number: 690438
Occupational Safety and Health Administration  Inspection Date(s): 10/17/2012 - 10/17/2012
                                   Issuance Date: 11/13/2012



### Citation and Notification of Penalty

Company Name: Zebra Instruments, Inc.
Inspection Site: 652 County Road 234, Georgetown, TX 78633

---

Citation 1 Item 4 b Type of Violation: **Serious**

29 CFR 1910.303(g)(1): Space about electric equipment. Sufficient access and working space was not
provided and maintained about all electric equipment to permit ready and safe operation and
maintenance of such equipment.

On or about 17 October 2012, and at times prior thereto, two 120-volt electrical breaker panels had
various items and materials in front of them blocking ready access to them for operating the breakers,
exposing employees to the hazards of electrical shock or burns.

Pursuant to 29 C.F.R. 1903.19, within ten (10) calendar days of the date of this citation, the employer
must submit documentation showing that it is in compliance with the standard, including describing the
steps that it is taking to ensure the working space around electrical panels are kept clear up to 36 inches
or more to allow safe and ready access.

Date By Which Violation Must be Abated:              Corrected During Inspection

                                                    ~ R. Casey Perkins, CSP
                                                    Area Director

See pages 1 through 4 of this Citation and Notification of Penalty for information on employer and employee rights and responsibilities.

Citation and Notification of Penalty              Page 11 of 13                    OSHA-2

78

U.S. Department of Labor
Occupational Safety and Health Administration
1033 La Posada
Suite 375
Austin, TX 78752
Phone: 512-374-0271  Fax: 512-374-0086



# INVOICE /
# DEBT COLLECTION NOTICE

| | |
|---|---|
| **Company Name:** | *Zebra Instruments, Inc.* |
| **Inspection Site:** | 652 County Road 234, Georgetown, TX 78633 |
| **Issuance Date:** | 11/13/2012 |

| | |
|---|---|
| Summary of Penalties for Inspection Number | 690438 |
| Citation 1, Serious | $8000.00 |
| TOTAL PROPOSED PENALTIES | $8000.00 |

To avoid additional charges, please remit payment promptly to this Area Office for the total amount of the uncontested penalties summarized above. Make your check or money order payable to: "DOL-OSHA". Please indicate OSHA's Inspection Number (indicated above) on the remittance.

OSHA does not agree to any restrictions or conditions or endorsements put on any check or money order for less than the full amount due, and will cash the check or money order as if these restrictions or conditions do not exist.

If a personal check is issued, it will be converted into an electronic fund transfer (EFT). This means that our bank will copy your check and use the account information on it to electronically debit your account for the amount of the check. The debit from your account will then usually occur within 24 hours and will be shown on your regular account statement. You will not receive your original check back. The bank will destroy your original check, but will keep a copy of it. If the EFT cannot be completed because of insufficient funds or closed account, the bank will attempt to make the transfer up to 2 times.

Pursuant to the Debt Collection Act of 1982 (Public Law 97-365) and regulations of the U.S. Department of Labor (29 CFR Part 20), the Occupational Safety and Health Administration is required to assess interest, delinquent charges, and administrative costs for the collection of delinquent penalty debts for violations of the Occupational Safety and Health Act.

**Interest**: Interest charges will be assessed at an annual rate determined by the Secretary of the Treasury on all penalty debt amounts not paid within one month (30 calendar days) of the date on which the debt amount becomes due and payable (penalty due date). The current interest rate is one percent (1%). Interest will accrue from the date on which the penalty amounts (as proposed or adjusted) become a final order of the Occupational Safety and Health Review Commission (that is, 15 working days from your receipt of the Citation and Notification of Penalty), unless you file a notice of contest. Interest charges will be waived if the full amount owed is paid within 30 calendar days of the final order.

**Delinquent Charges**: A debt is considered delinquent if it has not been paid within one month (30 calendar days) of the penalty due date or if a satisfactory payment arrangement has not been made. If the debt remains delinquent for more than 90 calendar days, a delinquent charge of six percent (6%) per annum will be assessed accruing from the date that the debt became delinquent.

**Administrative Costs**: Agencies of the Department of Labor are required to assess additional charges for the recovery of delinquent debts. These additional charges are administrative costs incurred by the Agency in its attempt to collect an unpaid debt. Administrative costs will be assessed for demand letters sent in an attempt to collect the unpaid debt.


R. Casey Perkins, CSP
Area Director

11/13/12
Date

# U.S. Department of Labor
Occupational Safety and Health Administration



## Notice of Alleged Safety or Health Hazards
October 16, Tuesday 2012

| | |
|---|---|
| Complaint Number | 603530 |
| Establishment Name | Zebra Instruments, Inc. |
| Site Address | 652 CR 234, <br><br> GEORGETOWN, TX 78627 |
| Site Phone | 512-869-7000 | Site FAX | |
| Mailing Address | 4500 Williams Drive, <br> Suites 212-422, <br> GEORGETOWN, TX 78633 |
| Mail Phone | 512-869-7000 | Mail FAX | 512-864-1725 |
| Management Official | Bob Leake | Telephone | 512-869-7000 |
| Type of Business | HVAC and Refrigeration Service Industry |
| Primary SIC | | Primary NAICS | 334512 - Automatic Environmental Control Manufacturing for Residential, Commercial, and Appliance Use |

**HAZARD DESCRIPTION/LOCATION** Describe briefly the hazard(s) which you believe exist. Include the approximate number of employees exposed to or threatened by each hazard. Specify the particular building or worksite where the alleged violation exists.

Complaint #1:  Employees are operating a mechanical power press with no machine guarding, exposing employees to amputations and crush injuries of the fingers.

Complaint #2:  Employees are using table saws that have no guards, exposing employees to the hazards of amputations.

Complaint #3:  The employer does not provide employees with personal protective equipment when working with the soldering pots.

Complaint #4:  Employees are building barges without a personal fall arrest system.

Complaint #5:  There is no ventilation when running the printing machine, soldering pots, or in the paint mixing area.

81

# EXHIBIT D

**Text of Tex. R. App. P. 44.1(a)(1)**

(a) Standard for Reversible Error. No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:
(1) probably caused the rendition of an improper judgment; or

\* \* \* \*

**EXHIBIT E**

**Text of Tex. R. Evid. 803(8)(A)(iii)**

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

\* \* \* \*

(8) Public Records. A record or statement of a public office if:

(A) it sets out:
(iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

\* \* \* \*

**EXHIBIT F**

## Text of Tex. R. Evid. 901(a), (b)(7)

(a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.
(b) Examples. The following are examples only--not a complete list--of evidence that satisfies the requirement:

     * * * *

(7) Evidence About Public Records. Evidence that:
(A) a document was recorded or filed in a public office as authorized by law; or
(B) a purported public record or statement is from the office where items of this kind are kept.

     * * * *

**EXHIBIT G**

**Text of Tex. R. Evid. 902(1), (5)**

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

(1) Domestic Public Documents That Are Sealed and Signed. A document that bears:

(A) a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

(B) a signature purporting to be an execution or attestation.

\* \* \* \*

(5) Official Publications. A book, pamphlet, or other publication purporting to be issued by a public authority.

\* \* \* \*